[Cite as *Weiss v. State Med. Bd. of Ohio*, 2013-Ohio-4215.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Justin F. Weiss, M.D., | : | |
| Appellant-Appellant, | : | No. 13AP-281 |
| | | (C.P.C. No. 10CV-16581) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| State Medical Board of Ohio, | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on September 26, 2013

*Marshall and Morrow LLC, John S. Marshall* and *Edward R. Forman*, for appellant.

*Michael DeWine*, Attorney General, and *Katherine J. Bockbrader*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶ 1}   Appellant, Justin F. Weiss, M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming an order issued by appellee, State Medical Board of Ohio, granting him a certificate to practice medicine in Ohio, but reprimanding him.  Because the State Medical Board of Ohio was authorized to issue the order and the applicable statute was not unconstitutional as applied to appellant, we affirm.

## I. BACKGROUND

{¶ 2}   Appellant is a radiologist who has been practicing medicine since 1975.  He practiced in a traditional office and hospital setting in Arizona until around 2004 when he began a transition to practicing teleradiology, in which he reviews images transmitted to him through the internet.

{¶ 3}   On October 13, 2005, the Arizona Medical Board ("Arizona board") issued a letter of reprimand to appellant for failing to order further diagnostic studies and failing to diagnose a malignant breast mass.  Shortly thereafter, appellant entered into a consent agreement with the Arizona board to resolve a second disciplinary matter.  Appellant stipulated to the factual finding that he deviated from the standard of care by failing to accurately report an apparent fracture or partial dislocation of a patient's lumbar spine and failing to order additional diagnostic studies.  In accordance with the agreement, on December 12, 2005, the Arizona board issued a letter of reprimand against appellant for failing to correctly read an x-ray.   The consent agreement noted that appellant's admissions were "solely for final disposition of this matter" and were "not intended or made for any other use, such as in the context of another state or federal government regulatory agency proceeding."  (R. 25, State's exhibit No. 3(b), at ¶ 4.)

{¶ 4}   In May 2006, the California Medical Board ("California board") initiated disciplinary proceedings against appellant based on the Arizona disciplinary matters. Appellant and the California board entered into a stipulation for public reprimand, which was conditioned on appellant's enrollment in and completion of a clinical training program.  The parties stipulated that appellant's admissions were only for purposes of that disciplinary proceeding and "shall not be admissible in any other criminal or civil proceeding."   (R. 25, State's exhibit No. 4(a).)   The California board approved the stipulated public reprimand effective February 9, 2007.  Appellant completed the clinical training program and, on October 11, 2007, the California board issued the public reprimand.

{¶ 5}   Less than one year later, on July 15, 2008, appellant filed an application to practice medicine in Ohio.  He noted that he was licensed to practice medicine in Arizona, California, and Pennsylvania.  Appellant applied for an Ohio medical license because a national portable x-ray company had requested that he provide services for its Ohio patients.   Following the disciplinary actions of the Arizona and California boards, appellant obtained unrestricted licenses to practice medicine in New York, Indiana, Tennessee, South Carolina, Utah, and Maryland.  In his application, appellant disclosed his Arizona and California reprimands.

{¶ 6}  In June 2009, the State Medical Board of Ohio ("Ohio board") notified appellant that it intended "to determine whether or not to limit, revoke, permanently revoke, suspend, refuse to register or reinstate [his] certificate to practice medicine and surgery, or to reprimand [him] or place [him] on probation" pursuant to R.C. 4731.22(B)(22) because of the Arizona and California disciplinary actions.  (R. 25, State's exhibit No. 1(a).)  The Ohio board further notified appellant that he was entitled to request a hearing.  Appellant requested a hearing, and a board hearing examiner held the hearing in March 2010.

{¶ 7}  At the hearing, appellant's counsel noted that he did not contest the facts concerning the Arizona and California reprimands, but he claimed that the Ohio board should consider the entirety of the facts, including that the reprimands related to underlying events that occurred over a decade earlier, in determining whether appellant should be disciplined under R.C. 4731.22(B)(22).  When the Ohio board hearing examiner observed that the consent agreement for the second Arizona disciplinary matter stated that any of appellant's admissions were not intended for use by another state regulatory agency, she asked if appellant would object to her considering the stipulated findings of fact and conclusions of law in that action.  Appellant's counsel replied, "I don't think that there's any way that you can be prohibited from considering that."  (R. 25, Tr. 56.) Appellant then proceeded to testify on redirect examination concerning the underlying circumstances for the two incidents that were the basis for the Arizona reprimands.

{¶ 8}  In September 2010, the hearing examiner issued a report recommending that appellant's application to practice medicine in Ohio be granted, provided that he otherwise meets all statutory and regulatory requirements, but that he be reprimanded based on the Arizona and California reprimands under R.C. 4731.22(B)(22), and that he be required to report the order to, inter alia, employers, entities with which he contracted to provide healthcare services, and other state licensing agencies.  Appellant, through counsel, submitted objections to the hearing examiner's report and recommendation in which he objected to reliance on facts stipulated in the second Arizona disciplinary proceeding and the California disciplinary matter that were not to be admitted for purposes of another state regulatory proceeding.  Appellant also objected to the reporting requirements of the proposed order.  More specifically, appellant claimed that the

proposed reprimand and reporting requirements were not supported by reliable, probative, and substantial evidence because they violated his due process rights.

{¶ 9} On October 13, 2010, the Ohio board amended the proposed order to remove the reporting requirements. On that same date, the Ohio board approved its hearing examiner's report and recommendation, as modified, and issued the following order, which was mailed to appellant on November 4, 2010:

> It is hereby ORDERED that:
>
> A. The application of Justin Frederic Weiss, M.D., for a certificate to practice allopathic medicine and surgery in Ohio is GRANTED, provided that he otherwise meets all statutory and regulatory requirements.
>
> B. Dr. Weiss is hereby REPRIMANDED.

(Emphasis sic.; R. 25, Oct. 13, 2010 Entry of Order.)

{¶ 10} Appellant filed a timely appeal from the Ohio board's order to the Franklin County Court of Common Pleas. In his notice, appellant asserted that the Ohio board's order "is not supported by reliable, probative and substantial evidence and is not in accordance with law." (R. 3.) More specifically, appellant claimed that the Ohio board: (1) failed to apply R.C. 4731.22(B)(22) in pari materia with R.C. 4731.29(A); (2) denied him due process by admitting and considering evidence without appellant having the opportunity to confront and examine witnesses to alleged acts of unprofessional conduct; (3) violated his right by applying R.C. 4731.22(B)(22), which is unconstitutional on its face and, as applied in this case, because the General Assembly purported to delegate powers beyond the constitutional limits; (4) failed to apply full faith and credit to actions taken by the Arizona and California boards; and (5) violated appellant's liberty interest constitutionally guaranteed to him. Appellant sought and was granted an order suspending the Ohio board's order pending the appeal.

{¶ 11} The parties submitted briefs in their administrative appeal. In his initial merit brief, appellant claimed that the Ohio board erred in construing R.C. 4731.22(B)(22) to issue discipline to any physician upon proof of any prior action by any state "*without any consideration of the antiquity of the other state's action, the physician's successful completion of the remediation required by the state, or the lack of*

*any likelihood that the physician presents any risk to patients in Ohio at all.*" (Emphasis sic.; R. 49, at 9.) Appellant also claimed that the Ohio board violated his right to due process by finding that he deviated from the standard of care in the second Arizona disciplinary matter although he never had a hearing in which any agency proved the underlying allegations. Finally, appellant claimed that R.C. 4731.22(B)(22) is unconstitutional on its face if it is construed to permit discipline in Ohio without evidence that the past conduct underlying another state's disciplinary action would impair the physician's ability to practice safely in Ohio. Following the completion of briefing, appellant obtained new counsel.

{¶ 12} On March 6, 2013, the common pleas court issued a decision and entry affirming the Ohio board's order granting appellant a license to practice medicine in Ohio, but subjecting him to a reprimand under R.C. 4731.22(B). The court determined that the Ohio board was not required to find that the allegations in the Arizona and California board proceedings had been proven, that appellant was afforded due process because he was given an opportunity to be heard and to explain the circumstances surrounding the Arizona and California proceedings, and that R.C. 4731.22(B)(22) is constitutional because it is rationally related to a legitimate governmental interest.

## II. ASSIGNMENTS OF ERROR

{¶ 13} This appeal ensued, and appellant assigns the following errors:

> I. THE COURT OF COMMON PLEAS ERRED BY INTERPRETING R.C. 4731.22(B)(22) TO EMPOWER THE MEDICAL BOARD TO GRANT A LICENSE TO PRACTICE MEDICINE SUBJECT TO A REPRIMAND.
>
> II. THE COURT OF COMMON PLEAS ERRED BY REJECTING A CONSTITUTIONAL CHALLENGE TO R.C. 4731.22(B)(22) WHEN, AS APPLIED TO AN APPLICANT FOR A LICENSE TO PRACTICE MEDICINE, IT DEPRIVED HIM OF DUE PROCESS.

## III. STANDARD OF REVIEW

{¶ 14} In an administrative appeal under R.C. 119.12, the common pleas court reviews an administrative agency's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Lundeen v. State Med.*

*Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 8.  Evidence is reliable if it is dependable, i.e., there is a reasonable probability that the evidence establishes an asserted fact to be true.  *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, ¶ 12, quoting *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992). Evidence is probative if it is relevant in determining the issue.  *Id.*  Finally, evidence is substantial if it has some weight, i.e., importance and value.  *Our Place* at 571.

{¶ 15} On further appeal to a court of appeals, the standard of review is more limited.  *Smith v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-234, 2012-Ohio-4423, ¶ 13. In reviewing the court of common pleas' determination that the board's order was supported by reliable, probative, and substantial evidence, our role is limited to determining whether the common pleas court abused its discretion.  *Oyortey v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-431, 2012-Ohio-6204, ¶ 13.  An abuse of discretion occurs when a decision is unconscionable, unreasonable, or arbitrary.  *State ex rel. Nese v. State Teachers Retirement Sys. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, ¶ 25. Nevertheless, on the issue of whether the board's order was in accordance with the law, this court's review is plenary.  *Univ. Hosp. Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

## IV. DISCUSSION

{¶ 16}  In his first assignment of error, appellant asserts that the common pleas court erred by interpreting R.C. 4731.22(B)(22) to empower the State Medical Board of Ohio to grant a license to practice medicine subject to reprimand.  The Ohio board first contends that appellant waived this assignment of error by failing to raise it in either the board proceedings or his administrative appeal to the common pleas court.

{¶ 17} "A party generally waives the right to appeal an issue that could have been but was not raised in earlier proceedings," and "[t]his tenet has been applied in appeals from administrative agencies."  *Leslie v. Ohio Dept. of Development*, 171 Ohio App.3d 55, 2007-Ohio-1170, ¶ 47 (10th Dist.), citing *MacConnell v. Ohio Dept. of Commerce*, 10th Dist. No. 04AP-433, 2005-Ohio-1960, ¶ 21; *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, ¶ 19 (the failure to present an argument in an administrative agency generally precludes a reviewing court's consideration of it).  The reasons for this waiver doctrine are to: (1) afford the opposing party a meaningful

opportunity to respond to issues or errors that may affect the party's cause; (2) protect the role of courts and the dignity of the proceedings by imposing upon counsel the duty to exercise diligence in the party's cause and to aid the court and administrative agency rather than silently mislead it into committing error; and (3) prevent an administrative agency from having to search its records for issues that the parties could potentially raise instead of limiting its review to issues that are actually raised. *See State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81-83 (1997); *Berning v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-837, 2012-Ohio-2991, ¶ 11.

{¶ 18} Nevertheless, the waiver doctrine is not absolute. *Gross v. Ohio State Med. Bd.*, 10th Dist. No. 08AP-437, 2008-Ohio-6826, ¶ 11, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279 (1993), *modified on other grounds*, *Dombrowski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827. " 'When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, [an appellate court] may consider and resolve that implicit issue.' " *Gross* at ¶ 11, quoting *Belvedere* at 279.

{¶ 19} In *Gross*, this court exercised its discretion to consider a doctor's raising of a new issue in an appeal from a judgment of the common pleas court affirming the Ohio State Medical Board's limitation of his certificate to practice osteopathic medicine and surgery in Ohio. *Id.* at ¶ 10-12. The Ohio board based its order under former R.C. 4731.22(B)(22) on the Colorado State Board of Medical Examiners' order that his Colorado medical license be placed on permanent inactive status. We held that because Dr. Gross raised in his administrative appeal to the common pleas court that the Ohio board's order was not in accordance with law, the doctor's new claim in his appeal to this court that the board lacked a cognizable basis to support discipline under former R.C. 4731.22(B)(22) was implicit in the general claim he raised, which permitted the court to address the merits of his new claim. *Id.*

{¶ 20} Similarly, appellant's new claim here—that the Ohio board is not authorized by R.C. 4731.22(B)(22) to grant an applicant a certificate to practice medicine in Ohio subject to a reprimand—is implicit in his claim in his administrative appeal to the common pleas court that the Ohio board's order "is not in accordance with law." (R. 3.) Therefore, although we caution future litigants that we need not exercise our discretion to

address the merits of similar new issues, based on appellant's citation of *Gross*, as well as the parties' extensive briefing on the merits, we shall consider appellant's argument here.

{¶ 21} Under R.C. 2731.22(B):

> The board, by an affirmative vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend an individual's certificate to practice, refuse to register an individual, refuse to reinstate a certificate, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:
>
> * * *
>
> (22) Any of the following actions taken by an agency responsible for authorizing, certifying, or regulating an individual to practice a health care occupation or provide health care services in this state or another jurisdiction, for any reason other than the nonpayment of fees: the limitation, revocation, or suspension of an individual's license to practice; acceptance of an individual's license surrender; denial of a license; refusal to renew or reinstate a license; imposition of probation; or issuance of an order of censure or other reprimand[.]

{¶ 22} Appellant claims that R.C. 4731.22(B)(22) cannot be used to impose a sanction on an applicant for an Ohio license to practice medicine because, by its own terms, the statute is restricted to current Ohio medical certificate holders and licensees rather than applicants for a medical certificate or license. "The paramount concern in statutory interpretation is the legislative intent in enacting the statute." *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, ¶ 17. To discern this intent, courts first review the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage. *Id.*

{¶ 23} Upon reviewing R.C. 4731.22(B)(22), appellant's argument fails. The statute includes the phrase "refuse to register an individual," which means the denial of an application for a certificate to practice in Ohio. *See, e.g.,* Ohio Adm.Code 4731-13-36(J), defining "Permanent Refusal to Register or Reinstate" as "the permanent denial of an application for a certificate to practice in Ohio," and (K), defining "Refusal to Register to

Reinstate" as "the denial of an application for a certificate to practice in Ohio."  R.C. 4731.22(B)(22) applies to applicants for certificates to practice medicine in Ohio.

{¶ 24} Moreover, insofar as the statutory language might be considered unclear on this point, an agency's interpretation of a statute that it has a duty to enforce will be overturned only if the interpretation is unreasonable, and a court must defer to an administrative agency's reasonable interpretation of such statute.  *Oyortey* at ¶ 17, citing *State ex rel. Clark v. Great Lakes Constr. Co.*, 99 Ohio St.3d 320, 2003-Ohio-3802, ¶ 10, and *Shroeder v. State Bd. of Registration for Professional Engineers & Surveyors*, 10th Dist. No. 04AP-338, 2004-Ohio-5793, ¶ 12.  More particularly, "[w]hen reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession ." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619 (1993), syllabus.

{¶ 25} The agency's interpretation of R.C. 4731.22(B)(22) that it can grant an applicant an Ohio medical license subject to reprimand based on reprimands issued by the medical boards of other states is reasonable.  Nothing in the plain statutory language prohibits the medical board from so ordering.  To the contrary, under Ohio Adm.Code 4731-13-36(I), a "Grant of Application for Certificate" is defined as the board's granting of an application for a certificate to practice, and "[i]n matters where disciplinary violations have been alleged against an applicant for a certificate, the grant of an application for certificate may be accompanied by a suspension, limitation, probation, reprimand or no further action."  The disciplinary violations alleged against appellant in this case were violations of the reciprocal discipline provision of R.C. 4731.22(B)(22) based on the public reprimands issued by the Arizona and California boards.  This is what the Ohio board did here—it granted the certificate to practice medicine in Ohio, but accompanied it with a reprimand.

{¶ 26} Therefore, because the Ohio board's order granting appellant a license subject to a reprimand based on the disciplinary orders of the Arizona and California boards was authorized by R.C. 4731.22(B)(22) and Ohio Adm.Code 4731-13-36(I), appellant's first assignment of error is overruled.

{¶ 27} In his second assignment of error, appellant asserts that the common pleas court erred by rejecting his constitutional challenge to R.C. 4731.22(B)(22) when, as

applied to an applicant for a license to practice medicine in Ohio, it deprived him of due process. A party raising an as-applied constitutional challenge alleges that the application of the statute in the particular context in which he acted or in which he proposes to act would be unconstitutional. *Wymslo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 22. We must presume the constitutionality of the challenged statute. *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, ¶ 24.

{¶ 28} Because the unfettered practice of medicine is not a fundamental constitutional right, the issue is whether the statute is reasonably related to promoting some legitimate state interest. *Gross v. Univ. of Tennessee*, 620 F.2d 109, 110 (6th Cir.1980). That is, there must be a rational basis for the statute. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, ¶ 15.

{¶ 29} Appellant contends that there is no rational basis for applying R.C. 4731.22(B)(22) to him as an automatic reciprocal discipline rule so as to create an irrebuttable presumption requiring a reprimand because it "deprives the physician of an opportunity to submit evidence on the rational relationship between the prior discipline and his or her current professional competence." (Appellant's brief, at 39.)

{¶ 30} The premise of appellant's constitutional challenge is flawed. The Ohio board did not apply R.C. 4731.22(B)(22) so as to create an irrebuttable presumption that he be reprimanded because of his Arizona and California reprimands. Instead, appellant was afforded a full opportunity to present evidence regarding the circumstances underlying the disciplinary actions by the other states, as well as the issuance to him of unrestricted medical certificates in several other states, notwithstanding the reprimands. It is true that the mere fact that the Arizona and California boards issued reprimands would have justified the Ohio board's decision to grant appellant a license, subject to a reprimand under R.C. 4731.22(B)(22) even if the other state medical boards' reprimands had been "based on something or nothing." *Coniglio v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-298, 2007-Ohio-5018, ¶ 7. But R.C. 4731.22 merely "*permits* the State Medical Board of Ohio to discipline" appellant under these circumstances; it did not require the board to do so. (Emphasis added.) *Id.* Pertinent administrative rules reinforce the board's discretionary authority in these circumstances. *See* Ohio Adm.Code 4731-13-36(I) ("In matters where disciplinary violations have been alleged against an applicant for a

certificate, the grant of an application for certificate *may* be accompanied by a suspension, limitation, probation, reprimand or no further action."), and (G) (defining "No Further Action" as when the board finds that a violation occurred but declines to impose any disciplinary sanction, so that "where the board finds that all necessary remedial measures have been completed by the certificate holder, future monitoring is unnecessary and reprimand is not warranted"). (Emphasis added.)

{¶ 31} Consequently, appellant received the fundamental requirements of due process—notice of the hearing before the Ohio board and an opportunity to be heard on his violations of R.C. 4731.22(B)(22). *Calloway v. Ohio State Med. Bd.*, 10th Dist. No. 12AP-599, 2013-Ohio-2069, ¶ 40.

{¶ 32} In addition, appellant invited any error in the Ohio board relying on the findings and conclusions in his second Arizona disciplinary matter because his first counsel specified that the board would not be prohibited from considering them in its determination. A party is not permitted to take advantage on appeal of an error that he himself induced a lower court or tribunal to make. *See, generally, State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 11; *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 80 Ohio St.3d 176, 181 (1997) (relators in mandamus case could not contend board of elections erred in relying on evidence that relators themselves presented to the board). And, as noted previously, the pertinent fact for purposes of R.C. 4731.22(B)(22) was simply that the Arizona board reprimanded appellant. *Coniglio* at ¶ 7.

{¶ 33} Finally, R.C. 4731.22(B)(22) is rationally related to a legitimate government interest—the state interest in protecting the public so that, as the common pleas court noted, "when an out-of-state physician seeks to practice medicine here, this disciplinary history follows him and is readily available to the Ohio public." (R. 60, Decision and Entry, at 8.) *See Bouquett v. Ohio State Med. Bd.*, 123 Ohio App.3d 466, 473 (10th Dist.1997) ("R.C. 4731.22(B) was enacted under the state's police powers in order to protect the public's safety and welfare.").

{¶ 34} Therefore, appellant has not established that R.C. 4731.22(B)(22) is unconstitutional as applied to him. Appellant's second assignment of error is overruled.

## V. CONCLUSION

{¶ 35} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____