[Cite as *Nalluri v. State Med. Bd.*, 2014-Ohio-5530.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


Anil Choudary Nalluri, M.D.,    :

      Appellant-Appellant,    :

                                **No. 14AP-530**
v.    :      (C.P.C. No. 13CV-12927)

State Medical Board of Ohio,    :      **(REGULAR CALENDAR)**

      Appellee-Appellee.    :


D E C I S I O N

Rendered on December 16, 2014


*Graff & McGovern, LPA*, *Douglas E. Graff*, and *Levi J. Tkach*, for appellant.

*Mike DeWine*, Attorney General, and *Melinda R. Snyder*, for appellee.


APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Anil Choudary Nalluri, M.D., appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court affirmed the order by the State Medical Board of Ohio ("board"), appellee.

{¶ 2} Appellant is a psychiatrist and formerly conducted independent medical examinations on behalf of the Ohio Bureau of Workers' Compensation ("BWC"). In May 2012, appellant was indicted for fraud, a fifth-degree felony, with regard to his billing practices relating to his BWC patients. After an extensive, expensive, multi-year investigation, the BWC ultimately found appellant overbilled the BWC a sum of $257.40.

On December 13, 2012, appellant pled guilty to a stipulated lesser-count of Workers' Compensation fraud, a first-degree misdemeanor.  The court did not order a jail sentence, fine or court costs, but ultimately ordered appellant to pay $257.40 in restitution and $70,497.68 for the cost of the BWC's investigation. Appellant claims that the state and his counsel agreed that his guilty plea would not have any effect on his medical license.

{¶ 3}   On April 10, 2013, the board issued appellant a notice of opportunity for a hearing, notifying appellant that it proposed to take disciplinary action against his medical license as a result of his first-degree misdemeanor fraud conviction.

{¶ 4}   On September 23, 2013, appellant filed a motion to withdraw guilty plea with regard to his first-degree misdemeanor fraud conviction. The court subsequently denied the motion to withdraw.

{¶ 5}   A board hearing examiner held a hearing on September 24, 2013. On October 16, 2013, the hearing examiner issued a report and recommendation, in which the examiner found a violation of R.C. 4731.22(B)(11) for a misdemeanor in the course of practice and recommended a stayed 30-day suspension of appellant's license and two years probation.

{¶ 6}   At the board's meeting on November 13, 2013, both appellant and his counsel addressed the board. The board moved to approve the hearing examiner's recommended order. Of the six board members who voted, five voted to affirm and one, Mr. Kenny, dissented. R.C. 4731.22(B) requires that a disciplinary action must be approved by at least six votes. The board tabled the matter until another board member, Mr. Gonidakis, arrived at the meeting. After a board member read a summary of the case, the board voted again, with six members voting to affirm and Mr. Kenny again dissenting. The board issued its order adopting the report and recommendation of the hearing examiner on November 13, 2013.

{¶ 7}   Appellant appealed the board's order to the common pleas court. On June 16, 2014, the common pleas court issued a decision affirming the board's order. The court found that (1) the prosecuting attorney had no authority to bind the board through a plea agreement, (2) appellant never raised any objection to the tabling of the matter or the second vote and never requested a continuance of the matter, and (3) appellant cited no legal authority demonstrating that the board was prohibited from reconsidering his case

at the same meeting or was required to allow him to address the board again before the second vote. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The common pleas court abused its discretion when not considering evidence of essential terms in Appellant's criminal plea agreement.
>
> [II.] The Common Pleas Court erred when affirming the Medical Board's proceedings not conducted in accordance with law.

{¶ 8} Appellant argues in his first assignment of error that the common pleas court abused its discretion when it failed to consider evidence of essential terms in his criminal plea agreement. In an administrative appeal, pursuant to R.C. 119.12, the common pleas court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence, and is in accordance with the law. *Schechter v. Ohio State Med. Bd.*, 10th Dist. No. 04AP-1115, 2005-Ohio-4062, ¶ 55. "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992). "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. *Id.* "Substantial" evidence is evidence with some weight; it must have importance and value. *Id.*

{¶ 9} The common pleas court's " 'review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court "must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof." ' " (Emphasis sic.) *Akron v. Ohio Dept. of Ins.*, 10th Dist. No. 13AP-473, 2014-Ohio-96, ¶ 19, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The court must give due deference to the administrative determination of conflicting testimony, including the resolution of credibility conflicts. *Crumpler v. State Bd. of Edn.*, 71 Ohio App.3d 526, 528 (10th Dist.1991). The court must defer to the agency's findings of fact unless they are " 'internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable.' " *Kimbro v. Ohio Dept. of*

*Adm. Servs.*, 10th Dist. No. 12AP-1053, 2013-Ohio-2519, ¶ 7, quoting *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993). However, the common pleas court reviews legal questions de novo. *Akron* at ¶ 19, citing *Ohio Historical Soc.* at 471.

{¶ 10} Our review is more limited than that of the common pleas court. *Smith v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-234, 2012-Ohio-4423, ¶ 13. In reviewing the court of common pleas' determination that the board's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Id.*, citing *Roy v. Ohio State Med. Bd.*, 80 Ohio App.3d 675, 680 (10th Dist.1992). An abuse of discretion occurs when a decision is unconscionable, unreasonable, or arbitrary. *Weiss v. State Med. Bd. of Ohio*, 10th Dist. No. 13AP-281, 2013-Ohio-4215, ¶ 15, citing *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, ¶ 25. When determining whether the board's order was in accordance with the law, our review is plenary. *Id.*, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

{¶ 11} R.C. 4731.22(B)(11) provides:

> The board, by an affirmative vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend an individual's certificate to practice, refuse to register an individual, refuse to reinstate a certificate, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:
>
> * * *
>
> A plea of guilty to, a judicial finding of guilt of, or a judicial finding of eligibility for intervention in lieu of conviction for, a misdemeanor committed in the course of practice.

{¶ 12} Appellant argues that the board and common pleas court did not give proper consideration to the agreements made during the criminal matter. Appellant maintains that, during the criminal proceedings, he was assured by the State of Ohio ("state") that his pleading guilty was not going to affect his ability to practice medicine, but the board's action resulted in his inability to maintain his certification with the American Board of Psychiatry and Neurology, Inc.

{¶ 13} Initially, appellant fails to direct us to any evidence that the state made such an agreement or even made such a statement. The only evidence in the record related to this allegation was presented during the board hearing, where appellant testified that his lawyer, not the state, told him that his guilty plea would not affect his medical license. In denying appellant's motion to withdraw his plea, the trial court noted that, at the time of the guilty plea, appellant's counsel indicated he did not know what effect, if any, his guilty plea would have on his medical license. Our review of the record supports this finding. At the guilty plea hearing, the trial court asked appellant's counsel if the plea would affect appellant's medical license. Appellant's counsel replied that whether the guilty plea would have an effect on appellant's medical license was outside his area of expertise, but appellant was in contact with another attorney who specialized in such matters, and appellant was hopeful that the situation would end favorably for him. The trial court then noted on the record that he would be in favor of the board giving him a minimum sanction, at the most. There is nothing to suggest that the state made any promise or agreement with appellant.

{¶ 14} Notwithstanding, even if appellant could show that the state made an agreement with him in this respect, appellant failed to cite any case law suggesting that the board's power to impose a penalty is limited by the negotiations or promises made by a prosecutor in a separate criminal prosecution. As the trial court found, a prosecutor cannot bind the board, which is an unaffiliated entity, to an agreement forcing it to refrain from investigating and prosecuting violations of R.C. 4731.22. Therefore, we can find no error in this respect, and appellant's first assignment of error is overruled.

{¶ 15} Appellant argues in his second assignment of error that the common pleas court erred when it affirmed the board's proceedings because they were not conducted in accordance with law. Appellant contends that the board's order was not adopted in compliance with its rules and procedures because R.C. 4731.22 requires six members to affirm a vote to discipline a licensee, and only five members voted in favor of discipline here. Appellant asserts that the board's subsequent decision to table the matter until another member arrived at the meeting was not consistent with *The Standard Code of Parliamentary Procedures* ("standard code"), by Alice Sturgis, by which the board's meetings are apparently guided pursuant to board policy. According to the standard code,

"When a main motion has been acted on and defeated, it cannot be renewed in the same or substantially the same words at the same meeting or convention, but it may be *reconsidered* at the same meeting or convention or presented as a new motion at a later meeting or convention." (Emphasis sic.) Thus, appellant contends, the board could have only held a second vote on the first motion after following its rules for reconsideration, which require a substantive discussion, review of the report and recommendation, and a second oral presentation from the parties.

{¶ 16} On this issue, the common pleas court found that, at the time the board tabled the case after the first vote, the hearing examiner's report and recommendation remained pending. By motion, the hearing examiner's report came before the board again, and a second vote occurred, resulting in six votes to affirm the hearing examiner's recommendation of discipline. The court noted that appellant did not raise any objection to the tabling of the matter or to the second vote, and appellant never requested a continuance. The court concluded that appellant failed to cite any authority demonstrating that the board was prohibited from reconsidering his case at the same meeting or was required to allow him or his counsel to address the board before the second vote.

{¶ 17} With regard to the common pleas court's finding that appellant failed to raise any objection to the procedure before the board, appellant contends that raising an oral objection during the board meeting risked possible arrest and criminal prosecution. Appellant contended in the common pleas court that board member Steinbergh preemptively precluded him from making any oral motions, and appellant's counsel has personally witnessed an attorney being escorted out of another board meeting by the State Highway Patrol for doing so.

{¶ 18} Neither of the reasons cited by appellant to counter why he could not object at the board hearing are persuasive. In the common pleas court, appellant submitted board minutes from his hearing, which indicated that Steinbergh reminded the parties that no oral motions could be made during the proceedings. Whether the board would have considered a simple objection for the record as an "oral motion" is unclear.

{¶ 19} Furthermore, we find wholly unconvincing appellant's contention that his raising an objection for the record could have subjected him to arrest and criminal

prosecution. In the common pleas court, appellant submitted board minutes from an unrelated disciplinary hearing, where an attorney for the subject doctor asked the board if he would get a chance to respond to comments made by the assistant attorney general. The minutes noted that the board did not recognize the attorney to speak. The attorney then asked the board if its procedure was changed and if this would be the new procedure going forward. The board stated that the attorney was out of order and instructed him to resume his seat. The attorney then refused to sit down. The board then instructed the State Highway Patrol officer to escort the attorney from the room. In the present case, the trial court never suggested that appellant's counsel take the same actions as the attorney in the other matter. The attorney in the cited matter refused to sit down after being found out of order and being instructed to sit down. The attorney in the cited matter also appeared argumentative in his comments. Furthermore, there is no evidence in the record that the attorney in the referenced matter was ever arrested or criminally prosecuted. Thus, we find these two arguments unconvincing.

{¶ 20} Notwithstanding, we find no reversible error in the board's procedure in the instant case. As found by the common pleas court, appellant fails to present any authority for the proposition that the board's failure to follow the standard code invalidates the board's order. Appellant admits that the Ohio Revised Code does not specifically indicate what rules of procedure the board must follow, and the board points out that it has not promulgated the standard code as a rule. We also note that we are unable to locate a copy of the board's policy for using the standard code in the record before us; thus, we are unable to review it on our own.

{¶ 21} Although appellant fails to direct us to any case law that provides that the board was required to follow the standard code or that a recommendation adopted in contravention of the standard code is invalid, the Supreme Court of Ohio in *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543 (1996), addressed a local board of education's failure to use parliamentary procedures. In *Savarese*, a teacher argued that the board of education was required to approve a supplemental teaching contract because it failed to follow Robert's Rules of Order in its voting procedure. The Supreme Court first noted that neither the board nor any controlling statute adopted these parliamentary procedures. The court further noted that " 'parliamentary rules, even

when adopted as board policy, are intended merely to assist the board in the orderly conduct of its business, and cannot operate to invalidate otherwise lawful actions of a duly elected board.' " *Id.* at 546, quoting Baker and Carey Handbook of Ohio School Law Section 3.11, at 40 (1995), citing *Hanni v. Youngstown Bd. of Edn.*, Mahoning C.P. No. 91-CV-1448 (July 29, 1991). In the underlying appellate case, *Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 7th Dist. No. 94-J-30 (Mar. 21, 1995), the court of appeals echoed the sentiment of the Supreme Court, finding:

> "The courts generally do not concern themselves with violations of parliamentary rules in deliberative proceedings, and this is so whether such rules are codified in the form of a manual and formally adopted, or whether they consist of a body of unwritten customs or usages, preserved in memory and by tradition. Since parliamentary rules are merely procedural and not substantive, the courts have no concern with their observance.
>
> "As a general rule, the courts cannot review questions of parliamentary law governing acts of a presiding officer with respect to the order of motions, and no appeal lies to the court for alleged errors of a presiding officer in administering parliamentary law."

*Id.*, quoting 59 American Jurisprudence 2d, Parliamentary Law, Section 5. Therefore, even if we were to find that the board's voting procedure, in the present case, was in contravention of the standard code, we would not find persuasive appellant's unsupported argument that the board's order should be void or otherwise invalid. For these reasons, appellant's second assignment of error is overruled.

{¶ 22} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____