THE STATE EX REL. CLARK, APPELLANT, *v.* GREAT LAKES CONSTRUCTION COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Clark v. Great Lakes Constr. Co.,* 99 Ohio St.3d 320, 2003-Ohio-3802.]

(No. 2002–0001—Submitted April 30, 2003—Decided July 30, 2003.)

---

O'CONNOR, J.

{¶ 1} Appellant-claimant, David Clark, executed a medical release for appellee-employer Great Lakes Construction Company ("GLC"). In the cover letter enclosing the medical release, claimant stated that the release "is being provided on the condition that you will provide me with a copy of all records (without cost) as soon as the same are received by you. If you are not willing to do so then the enclosed authorization is hereby revoked and I request that you immediately return the authorization to me."

{¶ 2} GLC responded to claimant's attorney:

{¶ 3} "[P]lease be advised that the employer will agree to provide, at no cost, copies of records that are submitted for purposes of the hearing process before

the Industrial Commission; however, we will not agree to provide all records received at no cost. The employer pays a hefty sum for the records secured in most claims and we have to pay a staff to copy them. Therefore, if you want all records, they will be provided at .25 per page. This position is reasonable in light of the fact that the same records can easily be secured by Mr. Clark or you directly."

{¶ 4} Claimant promptly revoked his medical release. GLC, in turn, asked appellee Industrial Commission of Ohio to suspend claimant's workers' compensation claim pursuant to R.C. 4123.651, asserting that claimant's refusal to provide a release lacked good cause. The commission agreed that claimant lacked good cause and granted the motion. The Court of Appeals for Franklin County concurred and denied claimant's requested writ of mandamus.

{¶ 5} This cause is now before this court on appeal as of right.

{¶ 6} R.C. 4123.651 states:

{¶ 7} "(B) * * * The claimant promptly shall provide a current signed release of the [medical] information, records, and reports when requested by the employer. The employer promptly shall provide copies of all medical information, records, and reports to the bureau and to the claimant or his representative upon request.

{¶ 8} "(C) If, without good cause, an employee * * * refuses to release or execute a release for any medical information, record, or report that is required to be released under this section and involves an issue pertinent to the condition alleged in the claim, his right to have his claim for compensation or benefits considered, if his claim is pending before the administrator, commission, or a district or staff hearing officer, or to receive any payment for compensation or benefits previously granted, is suspended during the period of refusal."

{¶ 9} A claimant's refusal to provide a release without good cause suspends the claim. Claimant argues that GLC's imposition of a 25-cents-per-page copying charge for documents that an employer is compelled to provide under R.C. 4123.651(B) contravenes the statute and thus constitutes good cause for his refusal to provide the release. He asserts that because R.C. 4123.651(B) does not refer to copying costs, it must be presumed that copying costs are prohibited. GLC and the commission contend that statutory silence is just that, and does not constitute an affirmative declaration.

{¶ 10} It is a fundamental tenet of administrative law that an agency's interpretation of a statute that it has the duty to enforce will not be overturned unless the interpretation is unreasonable. *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad* (2001), 92 Ohio St.3d 282, 287–288, 750 N.E.2d 130.

The commission's reading of R.C. 4123.651(B) is reasonable and will not be overturned.

{¶ 11} The commission's reading of R.C. 4123.651(B) dovetails with R.C. 4113.23, which expressly allows an employer to charge a 25-cents-per-page copying fee for medical records provided to an employee where the examination was initiated by the employer. R.C. 4113.23 provides:

{¶ 12} "(A) No employer * * * shall refuse upon written request of an employee to furnish to the employee or former employee * * * a copy of *any medical report* pertaining to the employee. The requirements of this section extend to any medical report * * * arising out of *any injury or disease related to the employee's employment.* * * *

{¶ 13} "(B) The employer may require the employee to pay the cost of furnishing copies of the medical reports described in division (A) of this section but in no case shall the employer charge more than twenty-five cents for each page of a report." (Emphasis added.)

{¶ 14} The commission is not unreasonable when it reads R.C. 4123.651 consistently with R.C. 4113.23. It is patently reasonable for the commission to align R.C. 4123.651 copying costs with those allowed by R.C. 4113.23 where there is not an overwhelming reason to deviate from R.C. 4113.23.

{¶ 15} Because the commission's reading of R.C. 4123.651 is reasonable, it is our duty to affirm the judgment of the court of appeals upholding the commission's order.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, YOUNG and LUNDBERG STRATTON, JJ., concur.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for COOK, J.

———————

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Philip A. Marnecheck and Matthew A. Palnik, for appellant.

Battle & Miller, P.L.L., Sharon L. Miller, Richard Davies and James W. Ellis, for appellee Great Lakes Construction Company.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission.

Philip J. Fulton & Associates, Philip J. Fulton, Jonathan H. Goodman and William A. Thorman, urging reversal for amicus curiae, Ohio Academy of Trial Lawyers.