[Cite as *Warren v. Morrison*, 2017-Ohio-660.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James A. Warren et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 16AP-372 |
| v. | : | (C.P.C. No. 14CV-0847) |
| Sarah D. Morrison, Administrator, Ohio Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 23, 2017

**On brief:** *Bashein & Bashein Co., L.P.A., W. Craig Bashein,* and *John P. Hurst*; *Paul W. Flowers Co., L.P.A.,* and *Paul W. Flowers*; *Plevin & Gallucci Co., LPA,* and *Frank Gallucci,* for appellants. **Argued:** *Paul W. Flowers.*

**On brief:** *Michael DeWine,* Attorney General, and *James A. Barnes; Taft Stettinius & Hollister, LLP, Ronald D. Holman, II, Michael J. Zbiegien, Jr., David J. Butler,* and *James D. Abrams,* for appellee. **Argued:** *James D. Abrams.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, James A. Warren and John Mullin, appeal from a judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment and granting the summary judgment motion of defendant-appellee, Sarah D. Morrison, Administrator, Ohio Bureau of Workers' Compensation ("BWC"). For the following reasons, we affirm.

## I.  Factual and Procedural Background

{¶ 2}   In November 2013, appellants initiated a class action against the BWC in the Cuyahoga County Court of Common Pleas alleging the BWC failed to follow the requirements of R.C. 4123.62(C) and make the proper adjustments in 2008 and 2010 to the statewide average weekly wage ("SAWW") applicable to the workers' compensation claims of the class members.  The BWC moved to transfer venue to Franklin County, and that motion was granted in September 2014.  In October 2014, appellants' complaint was filed in the Franklin County Court of Common Pleas.  In October 2015, appellants filed an amended complaint, supplementing its allegation that the BWC did not properly adjust the SAWW as required by R.C. 4123.62(C) to include 2009, 2011, 2012, and 2014.  On March 15, 2016, the parties filed cross-motions for summary judgment.  In April 2016, the trial court determined that the BWC properly adjusted the SAWW for the years at issue as required by R.C. 4123.62(C) and therefore denied appellants' motion for summary judgment and granted the BWC's motion for summary judgment.

{¶ 3}   Appellants timely appeal.

## II.  Assignment of Error

{¶ 4}   Appellants assign the following error for our review:

> The trial judge erred, as a matter of law, by misconstruing the phrase "even multiple" set forth in R.C. 4123.62(C) to include odd figures.

## III.  Discussion

{¶ 5}   In their sole assignment of error, appellants assert the trial court's interpretation of R.C. 4123.62(C) was contrary to the language of the statute.  Appellants argue that, due to this misinterpretation, the trial court erroneously denied their motion for summary judgment and granted the BWC's motion for summary judgment.  We disagree.

### A.  Summary Judgment Standard

{¶ 6}   This court's review of a trial court's decision on summary judgment is de novo.  *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.  Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a

matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 7} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## B. Analysis

{¶ 8} At issue in this case is the meaning of statutory language regarding the adjustment of the SAWW for the purpose of calculating the appropriate compensation for workers' compensation claims. R.C. 4123.62(C) states:

> Effective January 1, 1974, and each first day of January thereafter, the current maximum weekly benefit amounts provided in sections 4123.56, 4123.58, and 4123.59, and division (B) of section 4123.57 of the Revised Code shall be adjusted based on the increase or decrease in the statewide average weekly wage.

> "Statewide average weekly wage" means the average weekly earnings of all workers in Ohio employment subject to Chapter 4141. of the Revised Code as determined as of the first day of September for the four full calendar quarters preceding the first day of July of each year, by the director of job and family services.

> The statewide average weekly wage to be used for the determination of compensation for any employee who sustains an injury, or death, or who contracts an occupational disease during the subsequent calendar year beginning with the first day of January, shall be the statewide average weekly wage so determined as of the prior first day of September *adjusted to the next higher even multiple of one dollar*.
>
> Any change in benefit amounts is effective with respect to injuries sustained, occupational diseases contracted, and deaths occurring during the calendar year for which adjustment is made.
>
> In determining the change in the maximum benefits for any year after 1978, the base shall be the statewide average weekly wage on the first day of September of the preceding year.

(Emphasis added.)

{¶ 9} Ohio's rules of statutory construction guide our resolution of the issue presented in this case. Statutory construction presents a question of law. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, ¶ 10. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11.

{¶ 10} In the administrative law context, an agency's interpretation of a statute that it has the duty to enforce will not be overturned unless the interpretation is unreasonable. *State ex rel. Clark v. Great Lakes Constr. Co.*, 99 Ohio St.3d 320, 2003-Ohio-3802, ¶ 10, citing *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad*, 92 Ohio St.3d 282 (2001); *see* R.C. 1.49(F) (a reviewing court may consider the "administrative construction of the statute"). Thus, a trial court must defer to an administrative agency's interpretation of a statute it must administer so long as the

interpretation is reasonable and consistent with the underlying legislative intent. *Oyortey v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-431, 2012-Ohio-6204, ¶ 17.

{¶ 11} The statutory phrase at issue here, "adjusted to the next higher even multiple of one dollar," is reasonably susceptible of more than one interpretation due to the multiple meanings of "even" in the numerical context. According to appellants, R.C. 4123.62(C) requires the BWC to increase the SAWW to the next even, as opposed to odd, dollar amount.[1] Conversely, the BWC argues that the statute plainly requires an adjustment of the SAWW upward to the next whole dollar amount, regardless of whether that dollar amount is an even or odd number. Appellants argue that the BWC's interpretation of the statute renders the word "even" superfluous, referring in support to statutes within the Revised Code's unemployment compensation chapter, R.C. Chapter 4141, that include the phrase "multiple of one dollar" without a preceding "even."

{¶ 12} Contrary to appellants' argument, we find that the BWC's interpretation of the phrase at issue is reasonable. The words "next higher even multiple of one dollar" reasonably can be construed as simply meaning the next higher whole dollar amount. In common usage, the word "even" can mean exactly or precisely. For example, a cashier may say "here is your change, an even ten dollars," to eliminate any possible uncertainty regarding the existence of any cents. Attaching the word "even" to "ten dollars" does not change the amount, but the word still has meaning. In this manner, the use of the word "even" in the phrase at issue in this case is not superfluous and reasonably defines the legislature's intent that the SAWW be increased exactly or precisely to the next whole dollar amount.

{¶ 13} Because the BWC's interpretation of R.C. 4123.62(C) is reasonable and consistent with legislative intent, we conclude that the BWC did not violate the

---

[1] In addition to arguing that the adjusted SAWW must be a dollar amount divisible by two with no remainder, appellants argue in this appeal that the trial court erred in not finding that the SAWW must always be adjusted upward, even if that wage is already a whole dollar amount. More specifically, appellants contend that the BWC should have adjusted the SAWW for 2012 upward from $809.00, even though that is a whole dollar amount. Appellants did not, however, make this argument in support of their motion for summary judgment or in opposition to the BWC's motion for summary judgment. In fact, they represented to the trial court that the BWC had adjusted the SAWW for all years in question, including 2012. Thus, appellants have waived this argument on appeal. *Camp v. Star Leasing Co.*, 10th Dist. No. 11AP-977, 2012-Ohio-3650, ¶ 66 (generally, an argument not raised in the trial court is waived on appeal).

requirements of that statute by rounding the SAWW upward to the nearest whole dollar for the years at issue. Thus, the trial court properly denied appellants' motion for summary judgment and granted the BWC's motion for summary judgment.

{¶ 14} Accordingly, we overrule appellants' sole assignment of error.

## IV. Disposition

{¶ 15} Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____