[Cite as *Poindexter v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-4081.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LUCILLE POINDEXTER | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 00005 |
| OHIO DEPARTMENT OF JOB AND<br>FAMILY SERVICES | |
|     Appellee | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County Court of Common Pleas, Case No. 2019 CV 00337 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 11, 2020 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellant | For Appellee |
| AMY C. BAUGHMAN<br>1426 North 3rd Street – Suite #200<br>P.O. Box 5400<br>Harrisburg, PA  17110 | DAVE YOST<br>Attorney General of Ohio<br><br>AMY R. GOLDSTEIN<br>Assistant Attorney General<br>Health and Human Services Section<br>30 East Broad Street, 26th Floor<br>Columbus, Ohio  43215 |

*Hoffman, P.J.*

**{¶1}** Appellant Lucille Poindexter appeals the judgment entered by the Fairfield County Common Pleas Court affirming the administrative decision of Appellee the Ohio Department of Job and Family Services which denied her request for long-term care Medicaid benefits.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant was admitted to Pickerington Care and Rehabilitation, a nursing facility located in Fairfield County, in 2017. In August of 2018, she applied for Medicaid benefits. Her application was denied on September 27, 2018, because she had too many resources to meet the financial eligibility criteria.

**{¶3}** Appellant reapplied for benefits on October 26, 2018. At the time of her application, she owned a home located in Stark County, Ohio. As of 2018, the Stark County Auditor valued the home at $36,900. On November 11, 2018, and November 20, 2018, Fairfield County Department of Job and Family Services (hereinafter "County") sent Appellant a verification checklist requesting verification that the combined value of her resources was below the Medicaid eligibility limit of $2,000.

**{¶4}** While the application was pending, the County learned Appellant owned a home in Stark County, subject to a bank mortgage. The amount of the mortgage at its inception in 2011, was $48,023. On December 10, 2018, the County requested Appellant verify her current mortgage balance. The request form stated at the top, "If you are having difficulty obtaining the verifications, please contact me immediately for assistance." The verification was due by December 20, 2018. When Appellant had not provided verification of the mortgage balance by December 20, 2018, the County sent Appellant a second letter requesting verification of the mortgage balance, again including the language

advising her to contact the County if she had difficulty obtaining the verification. Throughout this time, Appellant had the assistance of two authorized representatives, as well as a power of attorney. She did not request assistance from the County, and again the verification of the mortgage balance was not provided to the County.

{¶5} On January 9, 2019, the County denied Appellant's application for Medicaid benefits. Appellant appealed this decision by requesting a state hearing from Appellee pursuant to R.C. 5101.35(B). Following the state hearing, the decision of the County was affirmed. She appealed this decision to the director of Appellee pursuant to R.C. 5101.35(C), and the decision of the state hearing officer was affirmed.

{¶6} Appellant appealed the decision of Appellee to the Fairfield County Common Pleas Court. The trial court affirmed the administrative appeal decision of Appellee. It is from the December 17, 2019 judgment of the Fairfield County Common Pleas Court Appellant prosecutes this appeal, assigning as error:

I. THE COURT OF COMMON PLEAS ERRED IN ITS DECISION BECAUSE MS. POINDEXTER DOES NOT OWN AVAILABLE RESOURCES THAT EXCEED THE MEDICAID ELIGIBILITY LIMIT.

II. THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE APPELLEE'S DECISION BECAUSE THE FCDJFS IMPROPERLY PLACED THE BURDEN ON MS. POINDEXTER TO PROVIDE VERIFICATIONS UNAVAILABLE TO HER.

I.

**{¶7}** In her first assignment of error, Appellant argues the trial court abused its discretion in denying her request for Medicaid assistance because she does not own available resources which exceed the eligibility limit. Specifically, she argues because the mortgage balance of the home she owns in Stark County exceeded its valuation, it was not a countable resource.

**{¶8}** When reviewing an order of an administrative agency pursuant to an R.C. 119.12 appeal, the court of common pleas applies the standard of review set forth in R.C. 119.12, reviews the entire record, and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. *Young v. Cuyahoga Work & Training Agency*, Cuyahoga App. No. 79123, at 2 (July 19, 2001), *citing Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110, 407 N.E.2d 1265 (1980). When reviewing the trial court's determination regarding whether the order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. *Young, supra, citing Rossford Exempted Village School District Bd. of Educ. v. State Bd. of Educ.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶9}** Issues of statutory construction are reviewed de novo by a court of appeals. *Yommer v. Outdoor Enterprises, Inc*, 126 Ohio App.3d 738, 740, 711 N.E.2d 296 (1998), *citing State v. Wemer*, 112 Ohio App.3d 100, 103, 677 N.E.2d 1258 (1996). However, an agency's interpretation of a statute which it has the duty to enforce will not be overturned

unless the agency's interpretation is unreasonable. *State ex rel. Clark v. Great Lakes Constr. Co.,* 99 Ohio St.3d 320, 2003-Ohio-3802, 791 N.E.2d 974, ¶10.

**{¶10}** Appellant argues the court erred in finding her home was a countable resource, as the evidence before the agency reflected a mortgage of $48,023, while its value was only $36,900. However, while the valuation of the Stark County Auditor was current as of 2018, the $48,023 balance of the mortgage was dated 2011. No evidence was presented demonstrating what the balance of the mortgage was as of the time of the application, and thus the agency could not determine the value of the property as of the time of her request for Medicaid assistance.

**{¶11}** Ohio Adm. Code 5160:1-2-01(H) provides in pertinent part:

(H) Verifications. Where manual verifications are required under rule 5160:1-2-10 of the Administrative Code, the administrative agency shall:

(1) Follow the safeguarding guidelines set forth in rule 5160-1-32 of the Administrative Code when providing or gathering information by telephone, in person, or in electronic or written form.

(2) Not require that an individual provide verification of unchanged information unless the information is incomplete, inaccurate, inconsistent, outdated, or missing from the case record due to record retention limitations.

(3) Not request that an individual provide duplicate copies of previously submitted verifications.

(4) To the extent possible, verify relevant eligibility criteria using electronic records available through the electronic eligibility system. Where electronic verification is not available, or electronic verification data conflicts with the individual's attestation, request verifications as set out in rule 5160:1-2-10 of the Administrative Code.

(5) When the administrative agency is unable to verify an eligibility criteria through electronic sources, the administrative agency will provide a written (electronic or on paper) request for the necessary information or verification documents.

(a) The written request shall:

(i) Include the date by which the information shall be provided to the administrative agency;

(ii) Inform the individual that any delay in providing requested information or documents will delay the determination of an individual's eligibility; and

(iii) Provide information on how an individual can request assistance in gathering the requested documents.

(a) The administrative agency shall assist the individual in obtaining the verifications required for eligibility determination.

(b) When the normal sources of verification described in this rule have been exhausted and no documentation can be obtained, the administrative agency may accept the individual's statement when it is complete and consistent with other facts and statements. The use of such

a statement shall be on a case by case basis when no other approach is possible, and shall be used only in rare circumstances.

**{¶12}** If the individual fails to provide the requested verifications, the agency shall deny the application. Ohio Adm. Code 5106:1-2-01(H(5)(c).

**{¶13}** It is undisputed Appellant failed to provide verification of the mortgage balance despite two requests from the agency to do so. While she argues the information was available to the county electronically, the record does not support this argument. As the lower court noted, the county was unable to calculate the equity in the home using a 2011 mortgage balance and the auditor's 2018 valuation, as "[t}here are many factors that can be taken into consideration as to whether Appellant has paid additional funds towards the principal or if Appellant is delinquent in payments toward the mortgage." Judgment Entry, 12/17/19, p. 2.

**{¶14}** We find the trial court did not err in affirming the decision of Appellee denying Appellant's claim for Medicaid assistance based on Appellant's failure to provide information necessary to verify financial eligibility. The first assignment of error is overruled.

II.

**{¶15}** In her second assignment of error, Appellant argues the court improperly placed the burden on her to provide evidence of the balance of the mortgage, rather than properly placing the burden on the County to discover the current mortgage balance.

**{¶16}** Appellant argues 42 C.F.R. 435.948 prevented the County in this case from requesting information from her when it was readily available from the asset verification system or other sources. 42 C.F.R. 435.948 provides:

(a)The agency must in accordance with this section request the following information relating to financial eligibility from other agencies in the State and other States and Federal programs to the extent the agency determines such information is useful to verifying the financial eligibility of an individual:

(1) Information related to wages, net earnings from self-employment, unearned income and resources from the State Wage Information Collection Agency (SWICA), the Internal Revenue Service (IRS), the Social Security Administration (SSA), the agencies administering the State unemployment compensation laws, the State-administered supplementary payment programs under section 1616(a) of the Act, and any State program administered under a plan approved under Titles I, X, XIV, or XVI of the Act; and

(2) Information related to eligibility or enrollment from the Supplemental Nutrition Assistance Program, the State program funded under part A of title IV of the Act, and other insurance affordability programs.

(b)To the extent that the information identified in paragraph (a) of this section is available through the electronic service established in accordance

with § 435.949 of this subpart, the agency must obtain the information

through such service.

(c)The agency must request the information by SSN, or if an SSN is

not available, using other personally identifying information in the

individual's account, if possible.

**{¶17}** Nothing in this section prevented the County from requesting mortgage balance information from Appellant.  Further, there is no evidence in the record to demonstrate the current mortgage balance was available to the County through the asset verification system or any other source.

**{¶18}** Appellant argues the requested information was unavailable to her.  The record does not support this claim.  Appellant attached an email to her brief in the trial court which her attorney sent to Appellee on April 25, 2019, which indicates the power of attorney, Appellant's son, was "uncooperative" in obtaining the requested mortgage balance.  However, this email is not a part of the record as certified by the agency, and was in fact written after her state hearing.  Further, the fact her power of attorney was uncooperative does not render the information unavailable to Appellant.

**{¶19}** While Appellant claims she requested the assistance of the County in obtaining the mortgage balance information, the record does not support her claim.  In a letter submitted with her application dated September 10, 2018, Appellant stated, "I am requesting assistance for long term care benefits."  Not only does this letter not request assistance from the County in obtaining the mortgage balance, it was written before the County's request for documentation of the mortgage balance and before the existence of

her mortgage had been disclosed.  This request for assistance appears to be a general request for Medicaid benefits.

**{¶20}**  Both requests the County sent to Appellant for verification of the mortgage balance stated, "If you are having difficulty obtaining the verifications, please contact me immediately for assistance."  Ohio Adm. Code 5160:1-2-08(B)(1)(b) provides:


> (1) When applying for or receiving any medical assistance, an individual must:
>
> (b) Cooperate with the administrative agency in any eligibility determination for initial or continuing coverage, audit, and quality control process set out in this chapter of the Administrative Code. The individual must:
>
> (i) In completing an application or renewal for medical assistance, answer all required questions and provide documentation requested by the administrative agency necessary to verify the conditions of eligibility as described in rule 5160:1-2-10 of the Administrative Code and any other relevant eligibility criteria required under Chapter 5160:1-3, 5160:1-4, 5160:1-5, or 5160:1-6 of the Administrative Code.
>
> (ii) Request assistance from the administrative agency when unable to obtain requested information. The individual must provide the information necessary to allow the administrative agency to assist the individual.

**{¶21}** Appellant failed to request assistance from the agency in obtaining the requested information.  We find the trial court did not err in affirming the decision of Appellee, as the County did not improperly place the burden of providing the mortgage balance information on Appellant.

**{¶22}**  The second assignment of error is overruled.

**{¶23}**  The judgment of the Fairfield County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur