OPINION
{¶ 1} Appellant, Gerald A. Coniglio, M.D., J.D., is appealing from a ruling of the State Medical Board of Ohio which limited his right to practice medicine in Ohio.
Appellant assigns two errors for our consideration:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
 SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S *Page 2 
 PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IS IN ACCORDANCE WITH LAW.
 {¶ 2} Appellant was disciplined as a result of the refusal of the Nevada Medical Board to grant him the privilege of practicing medicine in Nevada. There is no allegation that he has ever done anything harmful to a patient in Ohio or in New York, where he currently practices medicine. The refusal of the Nevada Medical Board to grant appellant privileges was apparently based upon the fact that he had a number of professional negligence claims in North Carolina and Michigan when he practiced medicine there some years ago. The Nevada Medical Board also expressed concerns about some of appellant's interpersonal relationships in years past.
 {¶ 3} The common pleas court, in addressing appellant's appeal of the disciplinary order, found that the findings of the State Medical Board of Ohio were supported by reliable, probative and substantial evidence. The common pleas court also found that the State Medical Board of Ohio's action was in accord with law. Following the ruling of the Supreme Court of Ohio in Pons v. Ohio State Medical Bd. (1993), 66 Ohio St.3d 619, we are to review the findings of the common pleas court with respect to the medical board's factual findings to determine if the common pleas court abused its discretion. We are to review the question of law de novo, as if we were making the initial determination on legal issues.
 {¶ 4} The Supreme Court of Ohio has defined reliable, substantial and probative evidence in Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 571: *Page 3 
 (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
 {¶ 5} The basis for the ruling of the State Medical Board of Ohio is solely the fact that the Nevada Medical Board refused to allow appellant to practice in Nevada. There is no allegation that appellant has ever provided substandard medical care in Ohio. Indeed, there is no factual basis in the record before us to find that appellant has ever provided substandard care anywhere.
 {¶ 6} We cannot know what all motivated the Nevada Medical Board to deny appellant privileges in Nevada. Their deliberations are conducted in private. The public announcement which followed mentions the fact that appellant was sued 11 times in North Carolina over a decade ago and speculates that appellant at times had interpersonal relationship problems with the physicians at an earlier time in his medical career.
 {¶ 7} The findings supposedly underlying the Nevada action were found by the common pleas court in this appeal as findings with "little evidence to support" them. The common peas court also indicated "the Court finds merit in [Dr. Coniglio's] arguments as to lack of evidence as to past professional relationship problems." Yet, because of the action of the Nevada Medical Board, whether based on something or nothing, R.C. 4731.22 permits the State Medical Board of Ohio to discipline appellant. We, as an appellate court, are bound to follow R.C. 4731.22, as did the common pleas court. *Page 4 
 {¶ 8} We, as an appellate court, are also required to follow binding precedent from the Supreme Court of Ohio. For many years, the common pleas court and appellate courts have been bound by Henry's Café, Inc.v. Bd. of Liquor Control (1959), 170 Ohio St. 233. The second and third paragraphs of the syllabus for Henry's Café reads:
 2. On appeal from an order of an agency (as defined in Section 119.01, Revised Code) to the Court of Common Pleas, the power of the court to modify such order is limited to the ground set forth in Section 119.12, Revised Code, i. e., the absence of a finding that the order is supported by reliable, probative, and substantial evidence.
 3. On such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion.
 {¶ 9} In the context of cases which originated before the State Medical Board of Ohio, the edicts of Henry's Café have been reinforced by Pons, supra. The syllabus for the Pons case reads:
 When reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession.
 {¶ 10} In the case of appellant, there may be no reliable, substantial and probative evidence supporting the action of the Nevada Medical Board in denying appellant privileges in Nevada. However, there is no doubt that the Nevada Medical Board took the action it did. The fact that the action was taken is all that the State Medical Board of Ohio needs in order to take action of its own. The Ohio proceedings cannot be used as a means of conducting a collateral attack on the Nevada decision. Reliable, substantial and probative evidence demonstrates the fact of the adverse action by the Nevada Medical Board. *Page 5 
 {¶ 11} The penalties assessed by the State Medical Board of Ohio under the facts or lack of facts of this case are open to serious question, but we are not permitted to question those penalties given the mandate of Henry's Café. We have no power to review the penalties until such time as the Supreme Court of Ohio modifies or overrules that precedent, now almost 50 years old.
 {¶ 12} Under the circumstances, we must overrule both assignments of error. Reliable, substantial and probative evidence demonstrates the adverse action of the Nevada Medical Board. Given that adverse action, R.C. 4731.22(B)(22) authorizes the State Medical Board of Ohio to take action against appellant. The penalties assessed by the State Medical Board of Ohio cannot be reviewed by us, so are in accord under law.
 {¶ 13} The judgment of the Franklin County Court of Common Pleas affirming the action of the State Medical Board of Ohio is therefore affirmed.
Judgment affirmed.
 BROWN and BOWMAN, JJ., concur. BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1