[Cite as *Temponeras v. State Med. Bd. of Ohio*, 2014-Ohio-225.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Margy Temponeras, M.D., | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-374 |
| v. | : | (C.P.C. No. 12CVF-02-1749) |
| State Medical Board of Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on January 23, 2014

*Barbin Law, Inc.*, and *Bradley Davis Barbin*, for appellant.

*Michael DeWine*, Attorney General, and *Melinda Ryans Snyder*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Appellant, Margy Temponeras, M.D. ("Dr. Temponeras"), appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, State Medical Board of Ohio ("the Board"), to indefinitely suspend Dr. Temponeras' medical license. Dr. Temponeras presents the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN AFFIRMING THE DECISION OF THE STATE MEDICAL BOARD OF OHIO WITHOUT TESTIMONY OR CORROBORATIVE EVIDENCE.

{¶ 2}   Because the trial court did not abuse its discretion in affirming the Board's order, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}   On February 10, 2012, Dr. Temponeras filed a notice of appeal with the Franklin County Court of Common Pleas, appealing the Board's January 11, 2012 order indefinitely suspending her medical license.  The Board's order was premised on certain actions taken by the Drug Enforcement Administration of the United States Department of Justice ("DEA") against Dr. Temponeras.

{¶ 4}   The Board's certified record demonstrates that on May 17, 2011, the DEA issued an order to show cause and immediate suspension of registration ("show cause order") to Dr. Temponeras.   In the show cause order, the DEA informed Dr. Temponeras that it was immediately suspending her DEA certificate of registration to prescribe drugs.  The DEA found the suspension necessary, noting that Dr. Temponeras' "continued registration constitutes an imminent danger to public health and safety." (Certified Record, 3; Notice of Opportunity for Hearing; DEA Show Cause Order, 1.) The show cause order stated that the suspension was based on the following pertinent facts: (1) Dr. Temponeras was registered with the DEA as a practitioner; (2) between January 1, 2007 and November 3, 2009, Dr. Temponeras made approximately 3,397 unauthorized distributions of controlled substances; (3) in 2010, Dr. Temponeras ordered more that 800,000 dosage units of various oxycodone products, and prescribed and dispensed these controlled substances to individuals for other than legitimate medical purposes; (4) Dr. Temponeras prescribed controlled substances to two patients who died from drug overdoses of the controlled substances, which Dr. Temponeras had prescribed; and (5) Dr. Temponeras had prescribed a combination of controlled substances to three patients who died as a result of drug overdoses that likely involved the controlled substances, which Dr. Temponeras had prescribed.  The show cause order informed Dr. Temponeras that she could request a hearing on the matter, but noted that the suspension of her DEA certificate of registration would remain in effect until the DEA reached a final determination in the matter.

{¶ 5}   The Board sent Dr. Temponeras a notice of opportunity for a hearing on June 8, 2011.  In the notice, the Board explained that it intended to take action against

Dr. Temponeras' medical license based on the show cause order. The Board noted that the DEA suspension triggered the Board's authority to take action against Dr. Temponeras' medical license, pursuant to R.C. 4731.22(B)(24).

{¶ 6} A hearing was held before a Board hearing examiner on October 20, 2011. At the hearing, Dr. Temponeras stipulated to the admissibility of the DEA show cause order. (*See* Hearing Transcript, 10.) The Board called Dr. Temponeras to testify, but Dr. Temponeras invoked her Fifth Amendment right to not incriminate herself. The Board moved to admit the show cause order into evidence without objection, then rested. Dr. Temponeras presented three witnesses who testified about various aspects of Dr. Temponeras' chronic pain management practice, Unique Pain Management.

{¶ 7} Following the hearing, the hearing examiner issued a written report and recommendation, recommending an indefinite suspension of Dr. Temponeras' medical license. On January 11, 2012, the Board issued an entry of order indefinitely suspending Dr. Temponeras' license to practice medicine and surgery in Ohio. The Board noted the basis for the suspension was the "Immediate Suspension of Dr. Temponeras' DEA registration." (Entry of Order, 1.) The entry of order also set forth conditions upon which Dr. Temponeras could obtain reinstatement of her medical license.

{¶ 8} Dr. Temponeras filed her brief with the trial court on April 23, 2012. In her trial court brief, Dr. Temponeras argued that the Board's order was not supported by reliable, probative, and substantial evidence, and was not in accordance with law. The Board filed its trial court brief on May 7, 2012, asserting that "[t]he only evidence required to show a violation of R.C. 4731.22(B)(24) [was] a reliable copy of the action taken by the DEA." (Board's Trial Brief, 4.) The Board noted that Dr. Temponeras had stipulated to the admissibility of the show cause order.

{¶ 9} On April 5, 2013, the trial court issued a decision and final judgment entry affirming the Board's order suspending Dr. Temponeras' medical license. The court found that the facts contained in the certified record demonstrated reliable, probative, and substantial evidence that the DEA had suspended Dr. Temponeras' DEA certificate of registration. Accordingly, the court found the Board's order to be lawful under R.C. 4731.22(B)(24). The court noted that the suspension of Dr. Temponeras' DEA certificate

of registration was "squarely within the conduct for which the Board was authorized to take action." (Decision, 2.)

## II.  ASSIGNMENT OF ERROR

{¶ 10} Under R.C. 119.12, a common pleas court, in reviewing an order of an administrative agency, must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and the order is in accordance with law.  *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). The Supreme Court of Ohio has defined the concepts of reliable, probative, and substantial evidence as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

(Footnotes omitted.)  *Our Place, Inc. v. Ohio Liquor Control Comm.,* 63 Ohio St.3d 570, 571 (1992).

{¶ 11} The common pleas court's "review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' "  (Emphasis sic.)  *Lies v. Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955).  The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive."  *Conrad* at 111.  The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is "in accordance with law."  *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993).

{¶ 12} An appellate court's review of an administrative decision is more limited than that of a common pleas court.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).  The appellate court is to determine only whether the common pleas court

abused its discretion. *Id.* Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative agency or the common pleas court. *Id..* An appellate court, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.,* 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.). Additionally, when reviewing an order from the medical board, "courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." *Pons* at syllabus.

{¶ 13} Dr. Temponeras asserts that the trial court abused its discretion when it affirmed the Board's order, as the Board did not "provide corroborative testimony or documentary evidence regarding the federal allegation contained in the Notice to Show Cause." (Appellant's brief, 9.) Dr. Temponeras, however, fails to demonstrate that the Board had an obligation to present evidence beyond the show cause order to support its actions herein. R.C. 4731.22(B)(24) provides, in relevant part, as follows:

> The board, by an affirmative vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend an individual's certificate to practice, refuse to register an individual, refuse to reinstate a certificate, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:
>
> * * *
>
> (24) The * * * termination or suspension of a certificate of registration to prescribe drugs by the drug enforcement administration of the United States department of justice.

{¶ 14} Although Dr. Temponeras refers to the show cause order as mere " 'paper' allegations," in the show cause order, the DEA immediately suspended Dr. Temponeras' DEA certificate of registration to prescribe drugs. (Appellant's brief, 9.) R.C. 4731.22(B)(24) provides that either termination or suspension of a DEA certificate of registration will support Board action against an individual's medical license. The statute does not obligate the Board to present evidence to support the DEA termination or suspension. Rather, R.C. 4731.22(B)(24) grants the Board authority to take immediate action against an individual's medical license once the Board receives

evidence that the DEA has terminated or suspended the license holder's DEA certificate of registration.

{¶ 15} Even if there was a lack of evidence to support the suspension, the record demonstrates that the DEA did suspend Dr. Temponeras' DEA certificate of registration to prescribe drugs. Pursuant to R.C. 4731.22(B)(24), the fact that the DEA suspended Dr. Temponeras' DEA certificate of registration was all the Board needed in order to take action against Dr. Temponeras' medical license. The proceedings before the Board cannot be used as a means of conducting a collateral attack on the DEA decision to suspend Dr. Temponeras' certificate of registration. *See Coniglio v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-298, 2007-Ohio-5018, ¶ 10.

{¶ 16} Notably, Dr. Temponeras stipulated to the admissibility of the show cause order at the October 20, 2011 hearing. The show cause order constituted reliable, probative, and substantial evidence that the DEA had immediately suspended Dr. Temponeras' DEA certificate of registration to prescribe drugs. Accordingly, the Board's order suspending Dr. Temponeras' medical license was in accordance with law pursuant to R.C. 4731.22(B)(24).

{¶ 17} Based on the foregoing, we cannot find that the trial court abused its discretion in affirming the Board's order suspending Dr. Temponeras' medical license. Accordingly, we overrule Dr. Temponeras' sole assignment of error.

## III. DISPOSITION

{¶ 18} Having overruled Dr. Temponeras' assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.
_____